[Crim. No. 1642. In Bank.—June 2, 1911.]

## THE PEOPLE, Respondent, v. GEORGE E. FIGUEROA, Appellant.

CRIMINAL LAW.—MURDER—INTOXICATION OF WITNESS—EVIDENCE—ERROR WITHOUT PREJUDICE.—On a prosecution for murder, a witness who had testified that he saw the defendant, shortly before the homicide, in the possession of a pistol similar to the one found near the body of the deceased, and that during the evening on which he made such observation he had taken a glass of beer, may be cross-examined to show whether or not he had been drinking to excess at that time. A refusal to permit such cross-examination, under the circumstances disclosed by the record, was without prejudice to the defendant.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. Frank R. Willis, Judge.

The facts are stated in the opinoin of the court.

Jos. F. Seymour, Jr., and Fred W. Morrison, for Appellant.

U. S. Webb, Attorney-General, for Respondent.

SHAW, J.—The defendant was convicted of the crime of murder of the first degree and sentenced to death. He appeals from the judgment and from the denial of his motion for a new trial.

The defendant was accused of the murder of his wife, Sarah M. Figueroa, on the night of May 22, 1910. The case was submitted on appeal without oral argument on behalf of the defendant or the people, and no briefs have been filed by either party. Notwithstanding this failure of counsel to present the case upon appeal, we have, as is our usual practice in capital cases, carefully read the record and considered the rulings and proceedings upon the trial. The defendant was given a fair trial. The evidence of his guilt was clear and satisfactory. We find but one ruling worthy of notice. It was shown by direct and satisfactory evidence that the defendant shot and killed his wife with a pistol. A witness testified that on the evening before the 22d he saw the defendant and his wife, at their residence, and observed that the defendant had a pistol in his hip pocket, the handle of which was similar to a pistol found near the body of the wife soon after the shooting on the subsequent night. The homicide took place in the residence of the defendant and his wife. On cross-examination this witness stated that he had taken a glass of beer during that evening. He was then asked how many he had taken and whether or not he had been drinking to excess on that night. An objection that this was immaterial and not proper cross-examination was sustained. We think the questions should have been allowed. If the witness had been intoxicated at the time, it would have been for the jury to consider whether his faculties were as clear as if he had been sober, and, whether or not his recollection was correct. But these questions occurred during the course of a long, apparently aimless, and wholly fruitless cross-examination occupying twenty-three pages of the record on appeal. It was obvious from the entire course of the procedure by counsel that he had no knowledge or information that the witness was intoxicated on that occasion. He did not inform the court that he had expected to elicit an admission to that effect, or that he believed or suspected it to be the fact. The witness had been asked minutely as to his doings during that evening prior to his interview with the defendant and there was nothing to indicate that he had been

drinking intoxicants or that he was under the influence thereof. The question was obviously merely one of a large number of questions asked without any object other than a hope of discovering something concerning which counsel had neither information nor knowledge and which it was hoped might discredit or confuse the witness. The fact of the possession of a pistol by Figueroa on the evening before the homicide was not an important part of the case of the prosecution. The proof that he had the pistol and shot his wife with it was not contradicted or impeached in any particular. The circumstances of the cross-examination indicate almost with certainty that the witness would have denied any intoxication. Since counsel did not then suggest the contrary and has not seen fit to pursue the appeal further, we are satisfied that the ruling did not prejudice the defendant in any substantial right.

The judgment and order are affirmed.

Sloss, J., Angellotti, J., Melvin, J., Lorigan, J., and Henshaw, J., concurred.

Rehearing denied.

Beatty, C. J., dissented from the order denying a rehearing.